# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:15-CV-00188-GCM

| | |
|---|---|
| JOHN MATTHEW CRAIN, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| GASTON COUNTY BOARD OF EDUCATION, | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 8), Plaintiff's Response in Opposition (Doc. No. 10), and Defendant's Reply (Doc. No. 11). In its motion, Defendant asks the Court to dismiss Plaintiff's claims under the Americans with Disabilities Act ("ADA") as time barred to the extent they were contained in a 2013 discrimination charge that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"). In the alternative, Defendant asks the Court to dismiss Plaintiff's ADA claim for retaliation on the ground that he has failed to state a claim on which relief can be granted. Defendant also asks the Court to dismiss Plaintiff's state law claim for tortious interference with prospective advantage on the same ground, and to dismiss or strike Plaintiff's claims for punitive damages. For the reasons set forth below, Defendant's Motion is **GRANTED in part and DENIED in part.**

## I.     BACKGROUND

Plaintiff Brian Matthew Crain brought this action after his employer of 20 years, Defendant Gaston County Board of Education ("the Board"), repeatedly failed to promote him over a period of several years. Crain's amended complaint alleges claims for (1) discrimination on the basis of an actual or perceived disability, in violation of the Americans with Disabilities

Act, 42 U.S.C. § 12112; (2) tortious interference with prospective advantage, in violation of North Carolina law; and (3) retaliation, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203. (Doc. No. 6).

Crain alleges that he worked as the Assistant Principal of Cherryville High School for between 2003 and 2008, before being promoted to Principal of Costner Elementary School. (Am. Compl. at 4, ¶¶ 20-21)  In 2010, when the Principal at Cherryville High School announced his plans to retire, Crain expressed his interest in returning to the school as principal and was supported in his efforts by the outgoing principal. (Am. Compl. at 5, ¶ 22)  The Board selected a different candidate for the position during the spring of 2010. (Am. Compl. at 5, ¶ 23)

Beginning in October 2010, Crain became the sole administrator at Costner Elementary School when his assistant principal began maternity leave. (Am. Compl. at 5, ¶ 24)  The added pressure at work and his unsuccessful promotion attempt drove him into "a deep depression," which he coped with by "binge drinking." (Am. Compl. at 5, ¶ 25)  In March 2011, Crain "suffered a mental and emotional breakdown." (Am. Compl. at 5, ¶ 26).  He saw a physician, received a diagnosis of depression, and began taking medication and attending regular therapy. (Am. Compl. at 5-6, ¶ 26)  In September 2011, Crain spoke with Dr. Dixie Abernathy, the Assistant Superintendent of Elementary Schools, telling her "that he had been diagnosed with severe depression and that he might need to take some time off work." (Am. Compl. at 6, ¶ 27)  Abernathy apparently did not respond, follow up, or offer Crain any other options. (Am. Compl. at 6, ¶ 28)

In May 2012, Crain was transferred from Costner Elementary to a smaller primary school, Bessemer City Primary. (Am. Compl at 6, ¶ 30)  When he expressed his interest in a

high school position, he was told none were available. (*Id.*) The following day, the Board released an email advertising several available high school positions. (Am. Compl. at 6, ¶ 31)

On July 24, 2012, Crain was called to meet with Dr. Abernathy and the Director of Human Resources, Dr. Tutterow—whose first name does not appear in the Complaint. (Am. Compl. at 7, ¶ 32) Crain was questioned about his use of the Costner Elementary Sam's Club Card to purchase fuel and gift cards. (*Id.*) He explained that these purchases had never been questioned before and that each was made pursuant to school business. (*Id.*) After the meeting, Crain was informed that he would be demoted to a teacher position, which entailed a pay decrease. (Am. Compl. at 7, ¶ 33) In October, Crain was again demoted. (Am. Compl. at 7, ¶ 34)

As a result of these actions by the Board, Crain filed a charge with the EEOC on January 16, 2013. (Am. Compl. at 7, ¶ 35) The EEOC issued a right to sue letter on October 31, 2013, and Crain filed an application for extension of time to file his complaint. (*Id.*) He filed the complaint in North Carolina state court, but voluntarily dismissed it on December 18, 2014. (*Id.*)

Thereafter, Crain applied for one of seven open principal positions and received the fifth highest score on the interview portion of the application process. (Am. Compl. at 7-8, ¶ 36) In May 2014, he learned that he had not been selected. (*Id.*) Crain responded with a second EEOC charge on June 24, 2014. (Am. Compl. at 8, ¶ 37) The EEOC again issued a right to sue letter, this time on February 25, 2015. (Am. Compl. at 8, ¶ 37)

Crain also alleges that Dr. Tutterow has refused to provide a complimentary reference for him when contacted by prospective employers, Specifically Kings Mountain High School and Cleveland County Schools. (Am. Compl. at 8, ¶ 38) Because these allegations were not

included in either of the EEOC charges, it is difficult to determine when this alleged conduct occurred. (Doc. No. 4-1; Doc. No. 4-2)

## II. LEGAL STANDARD

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

### A. Timeliness of ADA claims

Before a plaintiff has standing to file a suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). After the EEOC issues a right to sue letter, a plaintiff alleging claims under the ADA has 90 days to file a complaint based on the allegations in its charge. 42 U.S.C. § 2000e-5(f)(1); *id.* § 12117.

The parties dispute whether some of Crain's claims are time barred because they were included in his 2013 EEOC charge—on which he filed suit in North Carolina state court before voluntarily dismissing the claims. Defendant argues that Plaintiff's dismissal of the former suit did not toll the 90 day statute of limitations under the ADA. (Defendant's Memorandum at 5-6;

Doc. No. 9)  The Board asserts that Plaintiff is barred from resurrecting his claims by repeating them in his 2014 EEOC charge.  (*Id.*)  By contrast, Crain argues that because he originally brought his claims in state court, the North Carolina procedural rule allowing plaintiffs to refile actions within one year of voluntarily dismissing them applies to his current claims and renders them timely.  *See* N.C. Gen. Stat. Ann. 1A-1, N.C. R. Civ. P. 41(a).  (Plaintiff's Response at 10-12, Doc. No. 10)  Because he filed the instant suit 90 days after receiving his second right to sue letter from the EEOC and within one year of his voluntary dismissal of the earlier case, Plaintiff believes none of his claims are time barred.  (*Id.*)

The Fourth Circuit has held in unpublished opinions that dismissal of a discrimination suit under the ADA does not toll the 90 day statute of limitations for filing a claim.  In *Angles v. Dollar Tree Stores, Inc.*, for example, the Court identified and applied a "general rule that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90 day limitations period."  494 F. App'x 326, 329 (4th Cir. 2012); *Birch v. Peters*, 25 F. App'x 122, 123 (4th Cir. 2001) (per curiam); *Nwaobasi v. First Sec. Fed. Sav. Bank, Inc.*, 105 F.3d 647 (4th Cir. 1997); *accord*. *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir. 1993); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *see also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (holding the same in Title VII and ADEA contexts); *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998) (holding the same in ADA context).  The Court concluded that the plaintiffs, who had voluntarily dismissed their Title VII case and then attempted to refile in a different district, were barred by the statute of limitations from refiling their case.  *Angles*, 494 F. App'x at 328-30.  This Court has followed the Fourth Circuit's

instructions and applied the *Angles* holding in other cases. *See, e.g.*, *Tisdale v. Enter. Leasing Company-Se., LLC*, No. 3:13CV221-MU, 2013 WL 3227927, at *3 (W.D.N.C. June 25, 2013); *Graham v. Charlotte Observer*, No. 3:08-CV-328, 2009 WL 2045704, at *1 (W.D.N.C. July 8, 2009)

The Fourth Circuit has also suggested, again in an unpublished opinion, that a state savings statute does not affect the statute of limitations for a federal claim filed in federal court. In *Birch v. Peters*, the plaintiff argued that her voluntarily dismissed Title VII claim was timely filed because of the same North Carolina procedural rule Crain relies on in this case. 25 F. App'x at 123. The Fourth Circuit disagreed, explaining that because the plaintiff "voluntarily dismisse[d] a lawsuit that was brought in federal court, asserted a purely federal claim, and was subject to a federal statute of limitations, state savings statutes do not apply." *Id.* (citing *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995); *Brown*, 926 F.2d at 961); *accord. Stokes v. Pullen*, 122 F.3d 1062 (4th Cir. 1997) (table). Although Plaintiff argues that his case is distinguishable because it was originally filed in state court, the Court disagrees. Because the ADA's statute of limitations is a matter of federal law, the North Carolina procedural rule is not applicable to Crain's claims. *See Brown*, 926 F.2d at 961 ("When Congress has provided a federal statute of limitation for a federal claim . . . state tolling and saving provisions are not applicable.").

Moreover, even if the North Carolina rule would apply in this case, Crain cannot avail himself of its protection. Under North Carolina law, "a plaintiff must obtain proper service prior to dismissal in order to toll the statute of limitations for a year." *Camara v. Gbarbera*, 662 S.E.2d 920, 922 (2008); *Latham v. Cherry*, 433 S.E.2d 478, 480 (1993). Crain concedes that he did not serve Defendant in the earlier law suit. (Plaintiff's Response in Opposition at 11, Doc.

No. 10). Because Crain did not complete service, even if the North Carolina savings statute is implicated here, the statute of limitations did not toll. *Camara*, 662 S.E.2d at 922.

Plaintiff's discrimination claim appears to rely in part on the conduct that was the subject of his 2013 EEOC charge, such as its failure to allow him to take leave and its decisions to demote him. Plaintiff will therefore be directed to limit this claim to the last act of alleged discrimination, namely the Board's decision not to promote him to principal in 2014.

### B. Sufficiency of retaliation claim

The antiretaliation provision of the ADA provides, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To plausibly allege retaliation in violation of the ADA, a plaintiff must show that (1) he engaged in protected conduct under the ADA, such as filing a charge, participating in an investigation, or protesting unlawful discrimination; (2) he suffered an adverse employment action; and (3) there was a causal link between the two actions. *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011). An employer's failure to promote can constitute an adverse employment action. *See Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 431 (4th Cir. 2015).

Because most of Plaintiff's allegations of retaliation are time barred, the Court need only consider whether the allegations unique to this complaint plausibly allege retaliation. The Court finds that they do. Crain alleges that he applied for a principal position around the time that he voluntarily dismissed a discrimination suit against the Board. Although seven positions were available, and Crain had the fifth highest performance of interviewing applicants, he was not promoted. Taking the complaint's facts as true, and drawing reasonable inferences on Crain's

behalf, these allegations could state a claim for retaliation in violation of the ADA. Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim will be denied.

### C. Sufficiency of tortious interference claim

The North Carolina Supreme Court has explained that "interference with a man's business, trade or occupation by maliciously inducing a person not to enter a contract with a third person, which he would have entered into but for the interference, is actionable if damage proximately ensues." *Dalton v. Camp*, 548 S.E.2d 704, 709 (N.C. 2001) (alteration omitted) (quoting *Spartan Equip. Co. v. Air Placement Equip. Co.,* 140 S.E.2d 3, 11 (N.C. 1965)). The courts refer to this type of claim as one for tortious (or wrongful) interference with prospective advantage. *See Cameron v. New Hanover Mem'l Hosp.*, Inc., 293 S.E.2d 901, 917 (N.C. Ct. App. 1982); *DaimlerChrysler Corp. v. Kirkhart*, 561 S.E.2d 276, 286 (N.C. Ct. App. 2002). To plausibly plead tortious interference, the plaintiff must allege (1) the defendant induced a third party not to contract with the plaintiff; (2) the defendant acted "without justification"; and (3) absent the defendant's interference, the third party would have contracted with the plaintiff. *DaimlerChrysler*, 561 S.E.2d at 286.

The complaint alleges that Dr. Tutterow misrepresented Crain's record when contacted by two different prospective employers. Although the complaint does not contain many facts that suggest the schools would have hired him but for Defendant's interference, it is reasonable to infer that they would not have contacted his references unless they were seriously considering extending him an offer of employment. Thus, Crain's allegations are sufficient to survive the pleading stage, and Defendant's motion is denied.

### D. Punitive damages

In North Carolina, municipal corporations are immune from punitive damages unless they are expressly authorized by a specific statutory provision. *Long v. City of Charlotte*, 293

S.E.2d 101, 115 (N.C. 1982); *Jackson v. Hous. Auth. of City of High Point*, 262, 341 S.E.2d 523, 525 (N.C. 1986). Under the ADA, "a plaintiff seeking punitive damages on an ADA claim must prove that his employer acted with the requisite state of mind—that is, that it 'engaged in a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of [the plaintiff].'" *EEOC v. Fed. Express Corp.*, 513 F.3d 360, 371 (4th Cir. 2008) (alterations in original) (quoting 42 U.S.C. § 1981a(b)(1)). The statute provides that punitive damages are recoverable against "a respondent (other than a government, government agency or political subdivision)." 42 U.S.C. § 1981a(b)(1); *see also Gladden v. Winston Salem State Univ.*, 495 F. Supp. 2d 517, 524 (M.D.N.C. 2007); *McInnis v. N.C. Dep't of Env't & Natural Res.*, 223 F. Supp. 2d 758, 763 (M.D.N.C. 2002); *Burke v. Commonwealth of Va.*, 938 F. Supp. 320, 325 (E.D. Va. 1996), *aff'd*, 114 F.3d 1175 (4th Cir. 1997) (table).

The Board argues that these principles establish that Crain is not entitled to punitive damages, even if he prevails on his federal and/or state claims. Because punitive damages are not available when the defendant is a government agency under North Carolina law, and are similarly unavailable against government defendants under the ADA, Defendant appears to be correct. Moreover, Plaintiff has offered no argument in support of its claims for punitive damages. For these reasons, Defendant's Motion to Strike the punitive damages claims from the amended complaint pursuant to Fed. R. Civ. P. 12(f) is granted.

## IV. CONCLUSION

In sum, to the extent Plaintiff's claims rely on conduct that was the subject of his 2013 EEOC charge, they are time barred. However, Plaintiff's new allegations that Defendant failed to promote him and disparaged him to prospective employers are sufficient to support claims for discrimination and retaliation under the ADA, and tortious interference in violation of North

Carolina law. As an additional matter, Plaintiff is not entitled to punitive damages and his requests that they be granted will be stricken from the complaint.

## Order

**IT IS THEREFORE ORDERED** that

(1) Defendant's Motion to Dismiss Plaintiff's claims as time barred is **GRANTED in part;** Plaintiff's discrimination claim will be limited to the last alleged failure to promote him that occurred in 2014.

(2) Defendant's Motion to Dismiss for failure to state a claim is **DENIED.**

(3) Defendant's Motion to Strike the Amended Complaint's requests for punitive damages is **GRANTED.**

**SO ORDERED.**

Signed: October 23, 2015

Graham C. Mullen
United States District Judge