# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:15-CV-00188-GCM

| | |
|---|---|
| JOHN MATTHEW CRAIN, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| GASTON COUNTY BOARD OF EDUCATION, | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on its own motion. On January 6, 2016, the Court entered an Order directing the parties to disclose a variety of materials to each other in discovery. (Doc. No. 17) The Court further indicated that additional discovery did not appear to be proportional to the needs of the case at that time. *See* Fed. R. Civ. P. 26(b)(1). The Court also advised the parties that any discovery disputes should be raised informally, by means of correspondence with chambers rather than by motion. Plaintiff has requested additional discovery, and Defendant has partially opposed the request. The Court has considered all of the issues raised by the parties.

Plaintiff requests that the Court allow the parties to exchange 25 interrogatories each, as well as 25 requests for admission each. Defendant does not object. Plaintiff contends that interrogatories and requests for admission are necessary to narrow the issues for trial and determine if there is any comparator evidence that Defendant should be required to disclose. Because both parties seem to believe that interrogatories and requests for admission will advance this case toward settlement or trial, the Court will authorize these discovery methods.

Plaintiff also requests that Defendant be ordered to produce the following classes of documents: (1) decisionmakers' personnel files; (2) other applicants' personnel files; (3) documents related to other protected activity (under discrimination laws) in the decisionmakers' reporting tree; (4) communications that Defendant had with Plaintiff's prospective employers; (5) documents discussing other individuals who received accommodations under the ADA; (6) all communications discussing Plaintiff; and (7) internal communications discussing filling positions for which Plaintiff applied.

Because the Court understands categories (4), (6), and (7) to be covered by the previous discovery order, Plaintiff's request is denied as to those documents. As for categories (2), (3), and (5) the Court will deny the request at this time as overbroad. If the exchange of interrogatories and requests for admission suggests the existence of relevant comparator evidence, Plaintiff may notify the Court by letter at that time. Finally, as for category (1), Plaintiff's request is again denied as overbroad.

Because both parties have represented to the Court that the exchange of interrogatories and requests for admission will not be unduly burdensome, the Court will enter a pretrial order adopting the parties' original discovery completion deadline, motions deadlines, and trial date.

**IT IS THEREFORE ORDERED** that the parties may exchange 25 interrogatories and requests for admission each.

**SO ORDERED.**

Signed: March 10, 2016

*[signature]*

Graham C. Mullen
United States District Judge